Linda M. Lawson (Bar No. 77130)
llawson@mmhllp.com
Kristin Kyle de Bautista (Bar No. 221750)
kkyle@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
800 Wilshire Boulevard, Suite 500
Los Angeles, California 90017-2611
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY OF
AMERICA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MARTA BONNIN,

    Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA; HINDERLITER, DELLAMAS & ASSOCIATES PLAN,

    Defendants.

Case No. 2:17-cv-04513-JAK (JCx)

**STIPULATED AGREEMENT AND PROTECTIVE ORDER FOR CONFIDENTIALITY OF INFORMATION**

Judge: Hon. John A. Kronstadt

Complaint Filed: June 19, 2017

To expedite the flow of discovery material, facilitate the prompt resolution of dispute over confidentiality, and pursuant to the stipulation of the parties, by and through their counsel of record, with good cause shown, **IT IS HEREBY ORDERED**:

1. <u>"Confidential" Materials</u>. "Confidential" materials are documents or information so designated by the producing party. A party disclosing or producing the information, documents or things, that it believes to be "Confidential" may designate the same as "Confidential" or by using some similar designation, or by designating in writing (by correspondence or otherwise) that some or all documents produced are "Confidential." A party shall make the designation of "Confidential" only as to material which that party reasonably and in good faith believes is

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

163870.1

1

Case No. 2:17-cv-04513-JAK (JCx)
STIPULATED AGREEMENT AND
PROTECTIVE ORDER

confidential and entitled to protection under applicable law. Any such designation shall be made at the time answers to interrogatories or answers to requests for production are served; or at the time that tangible things or copies of the documents are furnished to a party conducting such discovery. If upon review any party believes that any documents, information, or tangible items designated by a designating party are not "Confidential" as defined herein above, then the party may challenge such designation under the procedures set forth in paragraph 12 below.

If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provision of this Order.

2. <u>Scope of "Confidential" Designation</u>. The special treatment accorded the documents designated "Confidential" under this Order shall reach:

(a) All documents designated "Confidential" under the terms of this Order;

(b) All copies of such documents;

(c) Any deposition transcript or exhibit, or portion thereof, that discusses such documents;

(d) Any portion of any discovery answer or response, affidavit, declaration, brief or other paper, filed with the Court, or as an exhibit to such paper that discusses such documents.

(e) Any deposition transcript or portion thereof that is designated "Confidential" under the terms of this Order; and

(f) All information contained in such documents or depositions.

3. <u>Restrictions on Disclosure of "Confidential" Materials</u>. Except with written prior consent of all parties and except as provided elsewhere in this Order, all materials produced in this suit that are designated "Confidential" shall be used solely

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

163870.1

2

Case No. 2:17-cv-04513-JAK (JCx)
STIPULATED AGREEMENT AND
PROTECTIVE ORDER

for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions. Materials designated "Confidential," and all information in them, may not be disclosed, divulged, revealed, described, paraphrased, quoted, transmitted, disseminated or otherwise communicated to any person other than:

 (a) The parties to this litigation or Court personnel;

 (b) Counsel for parties in this suit;

 (c) Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit;

 (d) Actual or potential deposition or trial witnesses to testify concerning the suit;

 (e) Outside consultants and experts retained for the purposes of assisting counsel and the parties in the prosecution and/or defense of this suit.

 4. <u>Certification of Compliance</u>. No person authorized to receive access to "Confidential" materials under the terms of this Order (except for those persons identified in paragraph 3(a)-(c) of this Order) shall be granted access to them until such person has read this Order and agreed in writing to be bound by it pursuant to the form attached to the Order as Exhibit 1. These written agreements (in the form of Exhibit 1) shall be maintained by counsel for the parties and made available upon Order of the Court to any party.

 5. <u>Use of "Confidential" Materials at Depositions.</u> Any "Confidential" materials marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to "Confidential" materials at a deposition, at the request of the party asserting confidentiality, the portion of the deposition transcript that relates to such documents or information shall be stamped "Confidential" and sealed separately from the

3

Case No. 2:17-cv-04513-JAK (JCx)
STIPULATED AGREEMENT AND
PROTECTIVE ORDER

remainder of the transcript, and shall be treated as "Confidential" under the provisions of this Order.

6. <u>Designating Portions of the Deposition Transcripts Confidential.</u> Any party may, within thirty (30) days after receiving a deposition transcript, designate portions of the transcript, or exhibits to it, as being "Confidential." Confidential deposition testimony or exhibits may be designated by stamping the exhibits "Confidential," or by underlining the portions of the pages that are confidential and stamping such pages "Confidential." Until expiration of the 30-day period, the entire deposition transcript, and all exhibits to it, will be treated as confidential under the provisions of this Order. If no party timely designates testimony or exhibits from a deposition as being "Confidential," none of the deposition testimony or exhibits will be treated as confidential. If a timely "confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the remaining portions of the deposition, subject to the right of any party to challenge such designation under paragraph 12.

7. <u>Use of "Confidential" Materials in Papers Filed with the Court</u>. Materials designated "Confidential," and all information in them, may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court, or attached as exhibits to them, provided that such "Confidential" materials and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "Confidential" and separately filed in accordance with paragraph 8 of this Order.

8. <u>Use of "Confidential" Materials in Court</u>. Materials designated "Confidential," and all information in them or derived from them, may be used or offered into evidence at the trial of this suit, or at any hearing in this litigation, provided that when using "Confidential" materials in Court, counsel for the party using the "Confidential" materials shall take steps to insure against inadvertent disclosure of the "Confidential" materials to persons not subject to this Order.

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

163870.1

4

Case No. 2:17-cv-04513-JAK (JCx)
STIPULATED AGREEMENT AND
PROTECTIVE ORDER

If any party desires that materials, which are confidential and/or contain confidential information be filed with the Court, at least three (3) days before seeking to file materials under seal, that party shall first confer with the person who designated the material confidential in an attempt to minimize the need for filing under seal by means of a redaction. If the material cannot be suitably redacted by agreement, the party may file an application for leave to file under seal pursuant to Central District of California Local Rule 79-5. The parties shall comply with all requirements of Local Rule 79-5, including but not limited to the submission of supporting declaration(s) and supporting documentation. Pursuant to Central District of California Local Rule 5.2.2(b)(i), the declaration and proposed material for consideration will be closed to public inspection.

9. <u>Non-Termination and Return of Materials</u>. The provisions of this Order shall continue to apply to all "Confidential" materials and information after this suit has been terminated. Upon termination of this suit, including all appeals, the parties shall return all "Confidential" materials to the producing party. Alternatively, the parties and/or any producing party may agree in writing on appropriate methods of destruction.

10. <u>No Admissions</u>. Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission by any party that a particular document or information (1) is, or is not, confidential; (2) is, or is not, admissible into evidence for any purpose; and (3) is, or is not, subject to inclusion in any "administrative record" filed in this cause.

11. <u>Interim Protection</u>. "Confidential" materials produced by any party in response to discovery requests served after the filing of the complaint in this suit and prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order has been entered by the Court, unless the Court directs otherwise.

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

163870.1

5

Case No. 2:17-cv-04513-JAK (JCx)
STIPULATED AGREEMENT AND
PROTECTIVE ORDER

12. <u>Procedures for Challenging "Confidential" Designation</u>. If upon review any party believes that any materials, information or tangible items designated by a designating party are not "Confidential," then the party may challenge the designation by providing written notice to the designating party within thirty (30) days of receipt of the material, information or tangible item, of the challenging party's request to meet and confer on the disputed material. The written notice must specifically identify the challenged materials, information or tangible items by bates numbered pages where available. The opposing party shall participate in a good faith effort to meet and confer within ten (10) days of after service by the challenging party of its written notice, pursuant to Central District of California Local Rule 37-1. If the parties are unable to resolved their differences, they shall both formulate a written stipulation containing all issues in dispute and signed by both counsel pursuant to Central District of California Local Rule 37-2, 37-2.1, 37-2.2 and 37-2.4. The stipulation shall be submitted to the Court with a notice of motion pursuant to Central District of California Local Rule 37-2. Each party may file a supplemental memorandum pursuant to Central District of California Local Rule 37.2.3, and the matter shall be noticed for hearing pursuant to Central District of California Local Rule 37-3. The failure of any party to comply with the Local Rules 37-1 through 37-3 may result in the imposition of sanctions pursuant to Central District of California Local Rule 37-4.

13. By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

///

///

///

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

163870.1

6

Case No. 2:17-cv-04513-JAK (JCx)
STIPULATED AGREEMENT AND
PROTECTIVE ORDER

**IT IS SO STIPULATED**

Dated:  June 11, 2018    Glenn R. Kantor
Corinne Chandler
Mitchell O. Hefter
KANTOR & KANTOR, LLP


By:  ___*/s/ Corinne Chandler*___
Corinne Chandler
Attorneys for Plaintiff
MARTA BONNIN

Dated:  June 11, 2018    Linda M. Lawson
Kristin Kyle de Bautista
MESERVE, MUMPER & HUGHES LLP


By:  ___*/s/ Kristin Kyle de Bautista*___
Kristin Kyle de Bautista
Attorneys for Defendant
UNUM LIFE INSURANCE
COMPANY OF AMERICA

### ECF CERTIFICATION

The filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to this document.

**IT IS SO ORDERED.**

Dated:  June 11, 2018    _____/s/_____
Hon. Jacqueline Chooljian
U.S. Magistrate Judge

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

163870.1

7

Case No.  2:17-cv-04513-JAK (JCx)
STIPULATED AGREEMENT AND
PROTECTIVE ORDER

# Exhibit 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTA BONNIN,<br><br>    Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; HINDERLITER, DELLAMAS & ASSOCIATES PLAN,<br><br>    Defendants. | Case No. 2:17-cv-04513-JAK (JCx)<br><br>**STIPULATED AGREEMENT AND PROTECTIVE ORDER FOR CONFIDENTIALITY OF INFORMATION**<br><br>Judge: Hon. John A. Kronstadt<br><br>Complaint Filed: June 19, 2017 |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

In consideration of the disclosure to me of certain information which is subject to a Protective order of this Court I state as follows:

1. That I reside at _____, in the city and county of _____ and the state of _____.

2. That I have read and understand the Protective Order dated June 11, 2018, entered into in the above styled civil action (the "Action");

3. That I agree to comply with and be bound by the provisions of the Protective Order;

4. That I will not divulge to persons other than those specifically authorized by paragraph 3 of the Protective Order, and will not copy or use, except solely for the purposes of this Action, any confidential document or information as defined by the Protective order, except as provided herein.

5. That I understand that if I violate the terms of the Protective order, I may be subject to an enforcement proceeding before this Court, including an application to have me held in contempt; and

6. That I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings seeking enforcement of the Protective Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this _____ day of _____, 20\_\_, at _____[City], _____[State].

_____

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

163870.1

9

Case No. 2:17-cv-04513-JAK (JCx)
STIPULATED AGREEMENT AND
PROTECTIVE ORDER